UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>        Petitioner,<br><br>   v.<br><br>C. PFEIFER,<br><br>        Respondent. | Case No. 1:18-cv-01024-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 12<br><br>ORDER GRANTING RESPONDENT'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 15 |

Petitioner Michael Gaddy, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the case, contending that this courts lacks jurisdiction to grant habeas relief because the petition is an unauthorized successive petition. We recommend that the court grant respondent's motion to dismiss.

**I.     Respondent's Motion to Dismiss**

A federal court must dismiss a successive petition for a writ of habeas corpus that raises the same claims as a prior petition. *See* 28 U.S.C. § 2244(b)(1). The court must also dismiss a successive petition raising a new claim unless the petitioner can show that the claim relies on (1) a new rule of constitutional law that applies retroactively or (2) a new fact not previously discoverable through due diligence. 28 U.S.C. § 2244(b)(2)(A)-(B). A court of appeals, not a

1

district court, decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*See also Felker v. Turpin*, 518 U.S. 651, 656-57 (1996); *Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996). Failure to obtain authorization from the appropriate court of appeals is a jurisdictional defect, and the district court presented with an unauthorized successive petition must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, petitioner challenges his sentence imposed by the Kings County Superior Court for his 2007 conviction for assault. *See generally* ECF No. 1. Petitioner has sought federal habeas relief from this court in the past, challenging the same 2007 judgment. *See Gaddy v. Davey*, No. 1:16-cv-00563 (E.D. Cal. filed Apr. 21, 2016); *Gaddy v. Hedgpeth*, No. 1:09-cv-01203 (E.D. Cal. filed July 7, 2009). Although petitioner argues that he may proceed in this case because his petition relies on a new rule of Constitutional law under Section 2244(b)(2), ECF No. 14 at 3-4, whether petitioner has satisfied the requirements under Section 2244(b)(2) is a question for the Ninth Circuit to decide. *See* 28 U.S.C. § 2244(b)(3)(A); *Felker*, 518 U.S. at 657; *Nevius*, 104 F.3d at 1121 (stating that "the proper procedure under the statute is for [the Ninth Circuit] to authorize the filing of the entire successive application" in a case involving a habeas claim relying on a new rule of Constitutional law). Petitioner has not obtained authorization from the Ninth Circuit to proceed on his petition, so this court lacks jurisdiction to consider the petition. We must dismiss the case.

**II.    Respondent's Motion for Extension of Time**

Respondent moves for a thirty-day extension of time to file a reply brief in support of the pending motion to dismiss discussed above. ECF No. 15. Respondent's motion for an extension of time is granted. We have considered respondent's reply brief.

### III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find our decision debatable or conclude that the petition should proceed further. Thus, the court should decline to issue a certificate of appealability.

### IV. Order

Respondent's motion for an extension of time to file a reply brief in support of his motion to dismiss, ECF No. 15, is granted.

### V. Findings and recommendations

We recommend that the court grant respondent's motion to dismiss, ECF No. 12, and decline to issue a certificate of appealability. We submit the findings and recommendations to the U.S. District Court Judge who is assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: August 5, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202